**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**BRACEY L. MYLES** **CIVIL ACTION**

**VERSUS**

**CUMBERLAND COUNTY CHILD SUPPORT ENFORCEMENT AGENCY, ET AL.** **NO. 25-01125-BAJ-EWD**

# RULING AND ORDER

Before the Court are Plaintiff's "Emergency Motion for Temporary Restraining Order and Preliminary Injunctive Relief" (Doc. 1); "Standalone Motion for Temporary Restraining Order and Preliminary Injunction" (Doc. 7); "Verified Amended Complaint for Declaratory, Injunctive, and Monetary Relief" (Doc. 9); and "Motion for Preliminary Injunction (with Notice)" (Doc. 11).

Because Plaintiff has not established subject matter jurisdiction over this case, and, even if the Court had subject matter jurisdiction, abstention would be proper, the Court will **DISMISS** Plaintiff's claims **WITHOUT PREJUDICE**.

## I. BACKGROUND

On December 18, 2025, Plaintiff filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunctive Relief to initiate this case, which the Court will consider the original Complaint. (Doc. 1). In the case caption, Plaintiff names as Defendant: "Cumberland County Child Support Enforcement Agency, et al." (*Id.*). Plaintiff asserts that the Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1343. (*Id.*).

In the original Complaint, Plaintiff represents that a hearing scheduled in North Carolina state court cannot proceed in part because there is an administrative contested case pending before the North Carolina Office of Administrative Hearings involving the same parties as the state court proceeding. (*Id.* at 1).

Along with the original Complaint, Plaintiff filed a North Carolina state court Notice of Hearing addressed to Plaintiff. (Doc. 1-1 at 3). The Notice set a hearing on a state court Motion to Establish Arrears and Cease Enforcement ("Motion to Establish Arrears") on January 7, 2026. (*Id.* at 1–2). The Motion to Establish Arrears appears to seek to: (1) establish any arrears Plaintiff owes pursuant to a prior child support order; (2) hold the arrears in abeyance with no repayment; and (3) close the case because neither party is still residing in North Carolina. (*Id.*). Plaintiff's original Complaint sought emergency temporary and preliminary injunctive relief, presumably to prevent the state court hearing from taking place. (Doc. 1 at 1).[1]

On or about January 28, 2026, Plaintiff filed his Verified Amended Complaint for Declaratory, Injunctive, and Monetary Relief (the "Amended Complaint"). (Doc. 9). The Amended Complaint specifically states that Plaintiff brings this action under 42 U.S.C. § 1983 for deprivation of rights secured by the Fourteenth Amendment. As in the original Complaint, the Amended Complaint names "Cumberland County Child Support Enforcement Agency, et al." as the Defendant in the case caption. (*Id.* at 1). In the Amended Complaint, Plaintiff asks

[1] Plaintiff's Standalone Motion for Temporary Restraining Order and Preliminary Injunction makes clear that Plaintiff is seeking to enjoin the January 7, 2026 hearing in North Carolina state court. (Doc. 7, p. 1).

the Court to issue a declaration that "Defendants" lack jurisdiction to enforce any child support obligation against him. (*Id.*). The same date, Plaintiff filed a Motion for Preliminary Injunction (With Notice) requesting an injunction prohibiting "Defendants" from enforcing any child support order against Plaintiff absent lawful jurisdiction pending final resolution. (Doc. 11).

Although Plaintiff's Application to Proceed in District Court Without Prepaying Fees of Costs was granted by the Court, the Clerk of Court was instructed not to issue summons, and service was withheld absent further Order. (Doc. 6). At this time, it appears that the only named Defendant, Cumberland County Child Support Enforcement Agency, has not been served, and no Defendant has appeared.

## II. LAW AND ANALYSIS

### A. Federal Courts are Courts of Limited Jurisdiction.

Unlike state district courts, which are courts of general jurisdiction and may therefore hear all types of claims, federal courts may only entertain those cases over which there is federal subject matter jurisdiction. Federal subject matter jurisdiction may generally be established in two ways.

The Court has subject matter jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331 (federal question jurisdiction). This Court also has subject matter jurisdiction over civil actions where the amount in controversy exceeds $75,000.00 exclusive of interest and costs and the parties are completely diverse (*i.e.*, all plaintiffs are citizens of a different state than all defendants). *See* 28 U.S.C. § 1332 (diversity jurisdiction).

Here, Plaintiff asserts federal question jurisdiction. A federal district court "must presume that the suit lies outside its limited jurisdiction . . ." *See Mourning v. U.S. Dep't of State-Visa Off.*, 32 F. App'x 130 (5th Cir. 2002) (per curiam) (citations omitted). The burden of establishing federal subject matter jurisdiction is on the party asserting it—here, Plaintiff. *Willoughby v. U.S. ex rel. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013). A court may raise the issue of whether subject matter jurisdiction exists on its own at any time. *McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n.5 (5th Cir. 2005).

**B. Plaintiff Has Not Established Subject Matter Jurisdiction.**

Plaintiff asserts that the Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 because Defendant deprived Plaintiff of rights secured by the Fourteenth Amendment in violation of 42 U.S.C. § 1983. However, it is unclear based on Plaintiff's filings whether this Court may exercise subject matter jurisdiction in this case. Although Plaintiff is representing himself, he still must establish the Court's subject matter jurisdiction. *Starke v. City of Dall.*, No. 22-835, 2022 WL 4100831, at *1 (N.D. Tex. Sept. 6, 2022) (noting that, although *pro se* litigants are not held to the same pleading standards as lawyers, they must still establish subject matter jurisdiction over their cases).

The *Rooker-Feldman* doctrine acts to deprive a federal district court of subject matter jurisdiction to review a state court decision arising out of a judicial proceeding unless a federal statute specifically authorizes such review. *Miller v. Dunn*,

35 F.4th 1007, 1010 (5th Cir. 2022).[2] Federal district courts "lack appellate jurisdiction to review, modify, or nullify final orders of state courts." *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000). "In addition to the precise claims presented to the state court, *Rooker-Feldman* prohibits federal court review of claims that are inextricably intertwined with a state court decision." *Uptown Grill, L.L.C. v. Camellia Grill Holdings, Inc.*, 46 F.4th 374, 384 (5th Cir. 2022) (internal quotations omitted) (citation omitted).

The doctrine applies where: (1) the plaintiff loses in the state court proceeding, (2) the plaintiff's complaint alleges the state court judgment causes an injury, (3) the judgment was rendered before federal proceedings commenced, and (4) the plaintiff seeks review and rejection of the state court judgment. *Exxon Mobil Corp v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The United States Supreme Court has recently held that *Rooker-Feldman* applies even when the state court judgment at issue remains subject to further review in state appellate proceedings. *T.M. v. Univ. of Md. Sys. Corp.*, 608 U.S. --, 146 S.Ct. 1739, 1748-50 (2026). Because *Rooker-Feldman* implicates the Court's subject matter jurisdiction, it can be raised on the Court's own motion. *Weekly*, 204 F.3d at 615; *Uptown Grill, L.L.C.*, 46 F.4th at 384 (citations omitted).

Federal courts generally do not have jurisdiction over state law family matters. *Williams v. Webb*, No. 09-368, 2009 WL 2762486, at *1 (M.D. La. Aug. 31, 2009) ("Issues of domestic relations are the province of the state courts, and this Court lacks

---

[2] The doctrine refers to the cases of *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

subject matter jurisdiction over those disputes."); *J.D. Franks v. Smith*, 717 F.2d 183 (5th Cir. 1983) (citing *Ex parte Burrus*, 136 U.S. 586, 593–94 (1890)). The United States Court of Appeals for the Fifth Circuit has held that, if a federal court must determine which parent should receive custody, what rights noncustodial parents should have, how much child support should be paid and under what conditions, or whether a previous court's determination on those matters should be modified, then the federal court should dismiss the case pursuant to the domestic relations exception to federal jurisdiction. *Rykers v. Alford*, 832 F.2d 895 (5th Cir. 1987) (citations omitted); *see also Womack v. Wright*, No. 18-0567, 2018 WL 7917073, at *6 (E.D. Tex. Nov. 30, 2018), *report and recommendation adopted*, No. 18-567, 2019 WL 430914 (E.D. Tex. Feb. 4, 2019), *aff'd in part, appeal dismissed in part*, 788 F. App'x 963 (5th Cir. 2019) (citation omitted) ("[T]he federal judiciary has traditionally abstained from deciding cases concerning domestic relations. As a result, federal courts generally dismiss cases involving divorce and alimony, child custody, visitation rights, establishment of paternity, child support, and enforcement of separation or divorce decrees still subject to state court modification.").

"Federal courts have consistently applied the *Rooker-Feldman* doctrine as a bar to federal jurisdiction over matters related to the family disputes of divorce and child support." *See Evans v. Williamson Cnty. Govt., Tex.*, No. 15-436, 2015 WL 4621449, at *4 (W.D. Tex. May 28, 2015), *report and recommendation adopted*, No. 15-436, 2015 WL 4624708 (W.D. Tex. July 31, 2015) (holding that plaintiff's claims were a "collateral attack on the validity of the orders in state child

custody proceedings, as well as the validity of those proceedings themselves" and were "inextricably intertwined" with the state court child support orders so as to implicate the *Rooker-Feldman* doctrine) (citations omitted); *Runnels v. Charles*, No. 20-126, 2020 WL 1897367, at *2 (E.D. Tex. Mar. 18, 2020), *report and recommendation adopted*, No. 20-126, 2020 WL 1891717 (E.D. Tex. Apr. 16, 2020).

However, the Fifth Circuit has held that, under certain circumstances, a federal court may review a state court record to determine if the judgment is void. *Mosley v. Bowie Cty. Tex.*, 275 F. App'x 327, 328–29 (5th Cir. 2008) (noting that, under Texas law, a judgment is void if the court lacked jurisdiction over the party or his property, lacked jurisdiction over the subject matter of the suit, lacked jurisdiction to enter the particular judgment rendered, or lacked the capacity to act as a court; however, because the plaintiffs did not argue any of these, the *Rooker-Feldman* doctrine barred their attempts to collaterally attack the state court judgment ordering the payment of child support).

The Fifth Circuit also distinguishes between using *Rooker-Feldman* as a bar to challenging the underlying judgment versus challenging the execution or implementation of the judgment. *See Mosley*, 275 F. App'x at 329 (noting that the *Rooker-Feldman* doctrine would not bar the plaintiffs' claims that the defendants violated their constitutional rights in the effort to enforce the state child support judgment "[b]ecause such claims do not ask the court to 'review, modify, or nullify' a final order of a state court, they are not barred under the *Rooker-Feldman* doctrine.") (citing *Weekly*, 204 F.3d at 615).

In Plaintiff's Amended Complaint, he states: "Plaintiff brings this action pursuant to 42 U.S.C. § 1983 for deprivation of rights secured by the Fourteenth Amendment. Defendants enforced child support obligations without lawful jurisdiction, without a valid determination of paternity, and without a certified support order." (*See* Doc. 9 at 1). The Amended Complaint also requests preliminary and permanent injunctive relief prohibiting enforcement absent lawful jurisdiction. (*Id.*). Plaintiff's Motion for Preliminary Injunction also asks the Court to "issue a preliminary injunction prohibiting Defendants from enforcing any child support order against Plaintiff absent lawful jurisdiction pending final resolution." (Doc. 11).

On the one hand, it appears that Plaintiff challenges the validity of the underlying child support order by claiming that the order was issued improperly. Although he loosely claims that the child support order was issued "without lawful jurisdiction," Plaintiff provides no further argument or evidence to support this contention. *Rooker-Feldman* would bar Plaintiff's challenge to the child support order on this basis. On the other hand, it also appears that Plaintiff is asserting that the means of enforcement of the child support order violates his constitutional rights. To the extent the Court has subject matter jurisdiction over this claim, it will decline to exercise it in this case.

The *Younger* abstention doctrine applies when a federal court would be required to intervene in ongoing state proceedings. *Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (citing *Younger v. Harris*, 401 U.S. 37 (1971)) (additional citation omitted). A federal district court may abstain from hearing a claim under *Younger* when: "(1) the federal proceeding would interfere with an

ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Id.* (internal quotations and citation omitted). Prior jurisprudence demonstrates that when the *Younger* doctrine is applied to suits stemming from the constitutionality of child support orders and enforcement proceedings, a party subject to a child support order is treated as a party to an open case that does not terminate until the child support order is fully discharged. *Williams v. Trosclair*, 627 F. Supp. 3d 594, 604 (E.D. La. 2022) (citing *Agustin v. Cnty. of Alameda*, 234 F. App'x 521, 522 (9th Cir. 2007); *Tindall v. Wayne Cnty. Friend of Ct.*, 269 F.3d 533, 538–40 (6th Cir. 2001).

Based on the facts, as alleged, it appears that the *Younger* abstention doctrine is properly applied in this case. First, Plaintiff's child support obligation proceedings were ongoing when this suit was filed on or about December 18, 2025. Plaintiff filed this suit to obtain relief from appearing at a North Carolina state court proceeding that was scheduled for January 7, 2026. (*See* Doc. 1 at 1; Doc. 11-4 at 4).

The documents attached to Plaintiff's filings indicate that on April 25, 2018, Plaintiff was ordered to pay $561.00 as support for his minor child, plus $56.00 toward arrears beginning April 1, 2018, and continuing until further order of the North Carolina state court. (Doc. 1-1 at 1). Plaintiff's claims anticipate a further order from the North Carolina state court that could result in further enforcement of delinquent payments of child support. (Doc. 1 at 1). There is no evidence in the record that the North Carolina case is no longer ongoing.

Second, the State of North Carolina has an important state interest in conducting child support enforcement proceedings or in closing these proceedings as domestic relations are generally enforced by the states. *See Hooks v. Off. Of the Att. Gen. of Tex.*, No. 25-2667, 2026 WL 667819, at *4 (S.D. Tex. March 9, 2026) ("The state court proceeding to collect child support is a family relations matter that implicates important state interests.") (citation omitted).

Lastly, Plaintiff was informed of the North Carolina state court hearing before it occurred and has not pointed to any reason that he could not bring his due process challenges before that court in a contradictory hearing under the appropriate procedures provided by state law.[3]

### C. Plaintiff's Motion for Preliminary Injunction Will Be Denied.

"A preliminary injunction is an extraordinary and drastic remedy; it should never be awarded as of right." *Hampton v. First Guar. Mortg. Corp.*, No. 16-632, 2016 WL 5796886, at *2 (M.D. La. Sept. 30, 2016) (quoting *Munaf v. Geren*,

[3] As the North Carolina state court proceeding was ongoing when this suit was filed, Plaintiff could raise his constitutional challenges there. *See Lesane v. Wake Cnty. Child Support Enf't Agency*, No. 25-212, 2025 WL 3475587, at *6 (E.D.N.C. Oct. 16, 2025), *report and recommendation adopted*, No. 25-212, 2025 WL 3476552 (E.D.N.C. Dec. 3, 2025) ("[T]he state court issued a show cause order and scheduled a hearing, which provides plaintiff the opportunity to be heard. As such, the third prong is met because plaintiff has an adequate state forum to pursue her claims relating to the constitutionality of the child support order."); *McAllister v. North Carolina*, No. 10-79, 2011 WL 883166, at *5 (E.D.N.C. Mar. 11, 2011) ("[B]ecause the Cumberland County District Court retains jurisdiction over enforcement of the child support order, [plaintiff] continues to have a venue to assert any constitutional claim he wishes to raise."); *Delaney v. D.C.*, 659 F. Supp. 2d 185, 194 (D.D.C. 2009) ("[A] party in a child support proceeding can raise any federal constitutional claims he may have.") (internal citation omitted). If the North Carolina proceeding is no longer ongoing because that court granted the relief requested in the Motion for Arrears, which included closing the case because of an inability to continue to enforce the child support order since no party still resides in North Carolina, it is unclear what damages Plaintiff seeks here. (Doc. 11-4 at 2 (Motion for Arrears)).

553 U.S. 674, 689–90 (2008)). "The decision to grant or deny a preliminary injunction lies within the discretion of the district court. . ." *Anibowei v. Morgan*, 70 F.4th 898, 902 (5th Cir. 2023), *cert. denied sub nom., Anibowei v. Mayorkas*, 144 S. Ct. 551, 217 L. Ed. 2d 293 (2024).

To succeed on a preliminary injunction, Plaintiff must establish four elements: (1) that there is a substantial likelihood he will prevail on the merits; (2) that a substantial threat exists that irreparable harm will result if the injunction is not granted; (3) that the substantial injury outweighs the threatened harm to the defendants; and (4) that the granting of the preliminary injunction will not disserve the public interest. *See City of El Cenizo, Tex. v. Texas*, 890 F.3d 164, 176 (5th Cir. 2018). At all times, the burden of persuasion remains with the plaintiff as to each of the four elements. If a plaintiff fails to meet his burden regarding any of the necessary elements, the Court need not address the other elements necessary for granting a preliminary injunction. *See Roho, Inc. v. Marquis*, 902 F.2d 356, 361 (5th Cir. 1990) (declining to address the remaining elements necessary to obtain a preliminary injunction after finding that the plaintiff failed to show a substantial likelihood of success on the merits).

Because Plaintiff has not established this Court's subject matter jurisdiction over the claims asserted or, if he has, the Court should abstain from exercising that subject matter jurisdiction under the *Younger* abstention doctrine, Plaintiff has also not shown a substantial likelihood of success on the merits; therefore, his request for injunctive relief will also be denied. The Court need not address the other elements.

## III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. Alternatively, to the extent subject matter jurisdiction over any claims exists, the Court declines to exercise jurisdiction under the *Younger* abstention doctrine. Plaintiff's claims for injunctive relief are **DENIED**.

Baton Rouge, Louisiana, this 22nd day of September, 2026

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**